### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
### THIRD DIVISION

UNITED STATES OF AMERICA,                                        Criminal No. 05-294 JRT/AJB

        Plaintiff,

v.                                                                          **REPORT AND RECOMMENDATION**

TOMMIE PERRIS CRAWFORD,

        Defendant.


    Michael Dees, Esq., and Andrew R. Winter, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

    Nancy R. Vanderheider, Esq., for the defendant, Tommie Perris Crawford.


        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on October 24, 2005, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued an Order on Motions dated October 25, 2005, reserving defendant Tommie Perris Crawford's Motion to Suppress Physical Evidence Obtained as a Result of any Illegal Search, Seizures, or Identification Procedures [Docket No. 16] for submission to the District Court on report and recommendation.

        Based upon the file and documents contained therein, along with an exhibit received at hearing, the Magistrate Judge makes the following:

**Findings**

        On August 4, 2005, Hennepin County District Court Judge Patricia L. Belois issued a

warrant to search the location described as 2808 17th Ave. N., Minneapolis, Minnesota, including any storage units, garages, and storage sheds assigned to this address, further identified in the supporting affidavit as the residence of defendant Tommie Perris Crawford  (Hearing Exh. No. 1).  The search warrant identified the objects of the warrant as controlled substances, including marijuana; documents and records relating to the sale, disposition, and transportation, of drugs; address books; accounting and banking documents; money and valuables; photographs; specified packaging equipment and supplies; firearms and ammunition; communications devices; items showing constructive possession of contraband; and gang related materials.  The warrant was issued on the basis of probable cause contained in the Affidavit of Minneapolis Police Officer Jeff Waite, including confidential informant information and evidence obtained through controlled drug buy.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

Evidence seized pursuant to a warrant to search the residence described as 2808 17th Ave. N., Minneapolis, Minnesota, including any storage units, garages, and storage sheds assigned to this address (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Tommie Perris Crawford.  The residence search warrant was issued on August 4, 2005, and was based upon sufficient probable cause as stated in the Affidavit of  Minneapolis Police Officer Jeff Waite and as determined by Hennepin County District Court Judge Patricia L. Beloi.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Tommie Perris Crawford's Motion to Suppress Physical Evidence Obtained as a Result of any Illegal Search, Seizures, or Identification Procedures be **denied**.  [Docket No. 16].

Dated:    October 25, 2005

                                          s/ Arthur J. Boylan
                                         Arthur J. Boylan
                                         United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 9, 2005.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.