**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 05-294 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| TOMMIE PERRIS CRAWFORD, | |
| Defendant. | |

Andrew R. Winter, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Tommie Perris Crawford, #06613-041, Sherburne County Jail, 13880 Highway 10, Elk River, MN 55330, *pro se* defendant.

Andrea K. George, Assistant Public Defender, **OFFICE OF THE FEDERAL PUBLIC DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, as standby counsel for defendant.

On August 12, 2005, a search warrant was executed at a house owned by defendant Tommie Perris Crawford, and the police uncovered and seized 780 grams of powder cocaine and a .25 caliber handgun. Defendant was subsequently arrested and charged with three offenses: possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(1). Defendant proceeded to trial, and after two days of deliberation, the jury found defendant guilty on all three counts. Defendant filed the following motions *pro se*.

## ANALYSIS

### I.  MOTIONS FOR HEARING

Defendant moves for a hearing in two separate pro se motions to resolve "this frivolous controversy" and dismiss his case.[1] These issues were previously addressed in the Order dated May 11, 2006, where the Court denied defendant's motion for a hearing, finding that there was ample evidence from which a reasonable jury could find that defendant was guilty beyond a reasonable doubt on each of the three counts. A jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *See United States v. Moore*, 108 F.3d 878, 881 (8th Cir. 1997). Defendant raises no new arguments in support of these motions. Therefore, the Court denies the motions.

### II.  MOTIONS TO TERMINATE STANDBY COUNSEL

In the Order dated May 11, 2006, the Court granted defendant's motion to terminate his counsel and proceed *pro se*, and also appointed Attorney Andrea K. George, of the Office of the Federal Public Defender, as standby legal counsel to defendant. *See, e.g.*, *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986). Defendant now moves in two separate pro se motions to terminate his standby counsel, arguing that he does not

---

[1] *See* Docket Nos. 127, 159. Because defendant seeks a hearing to present his argument that he is not guilty, the Court will construe the motions for hearing as a motion for acquittal.

require the assistance of standby counsel, and reiterating his argument that this Court lacks jurisdiction over him.[2]  The purpose of standby counsel is to provide defendant assistance, if he subsequently determines he would like assistance.  The fact that defendant currently believes that he does not require the assistance of standby counsel is irrelevant.  Therefore, the Court denies defendant's motions.

### III.   MOTIONS TO DISMISS

Defendant again moves in three separate pro se motions to dismiss the case for lack of subject matter and personal jurisdiction, on the grounds that he is "American Citizen" and a "Sovereign National."[3]  As set forth in the May 11, 2006 Order, defendant was charged with violations of federal criminal law.  Article III of the United States Constitution gives the federal judicial branch subject matter jurisdiction over all cases arising under the laws of the United States, and by statute Congress has given the federal district courts this authority over federal criminal cases in the first instance.  United States Const. Art. III; 18 U.S.C. § 3231; *United States v. Gonzalez*, 311 F.3d 440, 442 (1st Cir. 2002).  In a criminal case "a court has exclusive personal jurisdiction over any party who appears before it, regardless of how that appearance was effected."  *See United States v. Warren*, 610 F.2d 680, 684 n.8 (9th Cir. 1980).  This Court has subject matter and personal jurisdiction over defendant.  Therefore, defendant's motions to dismiss are denied.

---

[2] *See* Docket Nos. 130, 156.

[3] *See* Docket Nos. 138, 139, 142.

## IV.    MOTION FOR BILL OF PARTICULARS

Defendant moves for a bill of particulars.[4]  These issues were previously addressed in the Order dated May 11, 2006, where the Court denied defendant's motion for a bill of particulars.  Defendant raises no new arguments in support of this motion.  Therefore, the Court denies defendant's motion.

## V.    MOTION TO GRANT PRIVILEGES AND IMMUNITIES

Defendant again moves the Court to grant him his Constitutional privileges and Immunities of Citizens of the Several States, pursuant to Article IV, Section 2 of the United States Constitution."[5]  These issues were previously addressed in the Order dated May 11, 2006, where the Court denied defendant's motion to grant privileges and immunities.  Defendant raises no new arguments in support of this motion.  Therefore, the Court denies defendant's motion to grant privileges and immunities.

## VI.    MOTION FOR RELEASE FROM CUSTODY

Defendant moves in two separate motions to be released from custody, arguing that he is an "internationally protected person" under 18 U.S.C. § 1116(b).[6]  Section 1116(b) provides that "Whoever kills or attempts to kill a foreign official, official guest, or internationally protected person shall be punished as provided under sections 1111,

---

[4] *See* Docket No. 128.

[5] *See* Docket No. 134.

[6] *See* Docket Nos. 149, 158.

1112, and 1113 of this title." Section 1116(b)(4)(B) defines an "internationally protected person" as "any other representative, officer, employee, or agent of the United States Government, a foreign government, or international organization who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity, and any member of his family then forming part of his household."

The Court finds that defendant is not an "internationally protected person" under 18 U.S.C. § 1116(b). Defendant is not, and does not claim to be, a representative, officer, or agent of the United States or any other government or international organization. Therefore, the Court denies the motions.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motions for hearing [Docket Nos. 127, 159] are **DENIED**;

2. Defendant's motion to terminate standby counsel [Docket Nos. 130, 156] are **DENIED**;

3. Defendant's motions to dismiss [Docket No. 138, 139, 142] are **DENIED**;

4. Defendant's motion for a bill of particulars [Docket No. 128] is **DENIED;**

5. Defendant's motion to grant privileges and immunities [Docket No. 134] is **DENIED**;

6.     Defendant's motions for release from custody [Docket Nos. 149, 158] are **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to defendant. Sentencing in this matter shall proceed on September 21, 2006 at 11:00 a.m., before the undersigned in Courtroom 13E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

DATED:   August 30, 2006                               s/ John R. Tunheim           _
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                       United States District Judge