# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 05-294 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| TOMMIE PERRIS CRAWFORD, | |
| Defendant. | |

---

Andrew R. Winter, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Tommie Perris Crawford, #06613-041, United States Penitentiary, P.O. Box 1000, Leavenworth, KS, 66048, defendant *pro se*.

Defendant Tommie Perris Crawford ("Crawford") was found guilty by a jury on charges related to the possession of drugs and a firearm. On September 21, 2006, this Court sentenced defendant to a term of imprisonment of 180 months. The Eighth Circuit affirmed Crawford's conviction and sentence on June 11, 2007. On June 13, 2007, Crawford filed this motion for relief from judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from final judgments in civil cases.  Fed. R. Civ. P. 60(b).  With very narrow exceptions,[1] Rule 60(b) does not provide a basis for relief from judgment in a criminal case.  *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999); *see* Fed. R. Civ. P. 1 (defining the scope of the rules as applying to "all suits of a civil nature").  As such, Crawford's Rule 60(b) motion cannot be used to challenge his underlying criminal conviction and sentence.  Instead, the appropriate statutory vehicle for post-conviction relief is found in 28 U.S.C. § 2255.  Crawford's motion is therefore denied.

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Crawford's Motion for Relief From Judgment [Docket No. 196] is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to defendant.


DATED:   September 6, 2007                             s/ John R. Tunheim   _
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                         United States District Judge

---

[1] The Supreme Court has held that a Rule 60(b) motion challenging the denial of a § 2254 habeas petition is not barred as a "successive" petition under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b), so long as the motion does not challenge the merits of the initial habeas proceeding.  *Gonzalez v. Crosby*, 545 U.S. 524, 534-36 (2005).